UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 23-037-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 24-293-DCR |
| ) | |
| ANTHONY TRAYVON GARRETT, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Anthony Garrett was indicted[1] for, and later pled guilty to, possessing with the intent to distribute 50 grams or more of methamphetamine (Count 1) and possessing with the intent to distribute fentanyl (Count 2) in violation of 21 U.S.C. § 841(a)(1) and possessing a firearm in furtherance of a drug trafficking crime (Count 3) in violation of 18 U.S.C. § 924(c)(1)(A). [Record Nos. 24 and 50] The amended plea agreement waived Garrett's right to appeal his guilty plea and conviction. [Record No. 34 at 5]

In his plea agreement and colloquy with the undersigned during re-arraignment, Garrett confirmed that the firearm found beneath his seat in the vehicle he was driving during the controlled buy was loaded and "strategically placed" within his reach and possessed for protection in relation to his drug trafficking. [Record Nos. 34 at 3 and 64 at 29] He was later sentenced on May 15, 2024, to the statutory mandatory minimum term of 180 months of

---

[1] The superseding indictment contained a felon in possession of a firearm charge (Count 4) that was later dismissed by the United States as part of the written plea agreement. [Record Nos. 24, 34, and 53]

incarceration for his conviction on Counts 1 and 2, together with a 60-month consecutive term of incarceration on Count 3. [Record No. 55]

The Court made certain during the sentencing hearing that Garrett was aware of his right to appeal his sentence within fourteen days. And as is the Court's custom, it directed Garrett's attorney, Jarrod Beck, to file a notice in the record (if the defendant elects not to appeal) stating that he had conferred with Garrett and that it was Garrett's decision not to appeal. Beck filed a notice of Garrett's intent not to file an appeal thirteen days after the judgment was entered on May 28, 2024. [Record No. 56] Roughly five months later, Garrett filed this *pro se* petition seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing ineffective assistance of counsel. [Record No. 58] More specifically, Garrett claims Beck failed to file a notice of appeal despite his request and that Beck failed to disclose information and investigate legal arguments that undermined Garrett's firearm charge, rendering his plea involuntary. [Record No. 58-1]

Consistent with local practice, Garrett's § 2255 petition was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). The motion was fully briefed by the parties. [Record Nos. 69 and 71] Thereafter, United States Magistrate Hanly A. Ingram conducted an evidentiary hearing on Garrett's ineffective assistance of counsel claim regarding whether he instructed his attorney to file a notice of appeal. [Record No. 85] Following the hearing, the parties tendered post-hearing briefs. [Record Nos. 88 and 92]

Magistrate Judge Ingram ultimately recommended that Garrett's motion for habeas relief be denied and that no Certificate of Appealability be issued. [Record No. 93] Garrett filed objections to the R&R's recommendations concerning both of his claims. [Record No.

64] Under these circumstances, the Court makes a *de novo* determination of those portions of a magistrate judge's recommendation to which particularized objections are made, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, courts review objections that merely "reiterate [a party's] original arguments," for clear error. *United States v. Ickes*, No. 1:15-CR-00004, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citing *Manigualte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009)).

Having reviewed Garrett's objections *de novo*, the Court agrees with the Magistrate Judge that his claims are without merit. For the reasons outlined below, the Court adopts the R&R and denies Garrett a Certificate of Appealability.

**Legal Standard**

To prevail on a § 2255 claim, the movant bears the burden of showing that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). For a non-constitutional error, the movant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

**Analysis**

Garrett objects to the following findings in the R&R: that trial counsel was not deficient for purportedly failing to file a notice of appeal concerning his sentence, that Garrett's plea was voluntary, and that there was no basis for arguing the factual invalidity of his firearm charge. [Record No. 94 at 2] Garrett insists that his counsel was ineffective for failing to file a notice of appeal and failing to inform him before entering a plea that his then girlfriend had stated during an interview that Garrett was unaware of the loaded firearm under the vehicle's seat and failing to research legal arguments that would undermine the firearm charge. To succeed on these claims, *Strickland* requires that Garrett show (1) deficient performance by counsel and (2) that such "performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). That said, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id.* at 689. Therefore, Garrett must show that his counsel "made errors so serious that [counsel was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Regarding prejudice, he must show that absent counsel's errors, the outcome of his proceedings would have been different. *Id.* at 694–95.

**Notice of Appeal**

An attorney who disregards specific instructions from a client to file a notice of appeal performed deficiently. *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015); *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In such circumstances, "prejudice is presumed." *Garza v. Idaho*, 139 S. Ct. 738, 750 (2019). Therefore, a Court must first resolve whether the defendant gave counsel express instructions to appeal. *Johnson v. United States*, 364 F. App'x 972, 975–76 (6th Cir. 2010) (citing *Roe*, 528 U.S. at 478). And if the court determines that the client did

not "instruct his or her counsel to file a notice of appeal, [it] must then consider whether counsel's interaction with his or her client is objectively reasonable based upon the facts of the case under review." *Teague v. United States*, No. 4:03-CR-46, 2009 WL 35227, at *3 (E.D. Tenn. Jan. 5, 2009).

When a defendant's objection to an R&R challenges the magistrate judge's credibility determination, the district court may hold another evidentiary hearing. *See United States v. Raddatz*, 447 U.S. 667, 680–81 (1980). But if a court declines to hold a new hearing, it should afford the magistrate judge's findings great weight because he or she observed "'the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.'" *United States v. Carmack*, 426 F. App'x 378, 380 (6th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985)); *see also Peveler v. United States*, 269 F.3d 693, 702 (6th Cir. 2001).

Here, Garrett claims that the Magistrate Judge erred in his credibility determination when assessing Garrett's testimony alongside Beck's. [*See* Record No. 94 at 3–5.] More specifically, he takes issue with the R&R's characterization of communication between the parties as a misunderstanding and that if Garrett made a request to file a notice of appeal it was ambiguous and muddled. *Id.* at 4–5.

Garrett testified that he was confused about the difference between a notice of appeal and a § 2255 petition. [Record No. 93 at 22] He further testified that he believed the habeas petition to be part of the appeal and that he had one year to file it. [Hearing at 11:56–12:13] However, the Court explicitly informed Garrett of his right to appeal his sentence within *fourteen days* during his sentencing hearing. And Garrett's testimony that he believed he had

one year to appeal undermines his argument that he provided timely notice to counsel to file an appeal.

In addition to holding an evidentiary hearing and allowing additional briefing, the Magistrate Judge carefully reviewed the filings and exhibits and found Beck's testimony to be more credible. He based this finding on the purported letters[2] that Garrett sent Beck would not have reached him in time to file a notice of appeal, Garrett's confusion about the interplay between an appeal and § 2255 petition, and Beck's affidavit and testimony concerning the conversation the two had by video conference the same day Beck filed a notice in the record of Garrett's intent not to appeal his sentence. [Record No. 93 at 20–24] Alternatively, the Magistrate Judge found that if Garrett did express any intent to appeal his sentence, his request was ambiguous and muddled, not unequivocal. *Id.* at 24.

In any event, Beck's conferring with Garrett regarding whether he wished to appeal was objectively reasonable. Evidence offered supports that Beck met with Garrett *via* teleconference to discuss Garrett's wishes concerning appeal. Beck testimony includes that he explained to Garrett that he received the mandatory minimum sentence, which rendered an appeal frivolous. [Record No. 93 at 18] Despite providing that information, Beck testified that it remained Garrett's choice, and he ultimately made the decision to not appeal. *See id.* at 18–19. Here, the undersigned defers to the Magistrate Judge's credibility determinations concerning testimony offered during the evidentiary hearing. And having reviewed the facts

---

[2] Garrett argues that the R&R incorrectly attribute the postal code missing a digit to the May letter when that error was from the September letter. [Record No. 94 at 5] But even if the May letter did not have the error, the Magistrate Judge's analysis still stands because the letter's date was a Saturday, and the following Monday was a holiday. Notwithstanding Beck's insistence that he never received a letter dated from May, it is unlikely that the letter could have reached him before Garrett's fourteen days to appeal expired.

and applicable law *de novo*, the Court agrees with the analysis contained in the R&R that if Garrett wished to appeal, his request was not unequivocal or timely and, in any event, Beck's consulting with him was objectively reasonable.

**Voluntariness of Plea**

Rule 11 of the Federal Rules of Criminal Procedure requires the Court to verify "that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *United States v. Webb*, 403 F.3d 373, 378–79 (6th Cir. 2005). "Absent extraordinary circumstances," when a district court "has scrupulously followed the required procedure" during a plea colloquy, "the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1990) (citation and quotations omitted). Indeed, a defendant's "[s]olemn declarations in open court carry a strong presumption of verity" which may not be overcome by subsequent "conclusory allegations unsupported by specifics." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (finding that a conclusory statement is insufficient to raise the issue of ineffective assistance of counsel).

To establish the prejudice prong in the guilty plea context, Garrett "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59–60 (1985). He must also demonstrate that if he had gone to trial with his then girlfriend's testimony (that he was unaware of the firearm), the outcome of trial on the gun charge would have been acquittal. *See id.*

Garrett objects to the R&R's finding that his plea was voluntary. He first argues that if defense counsel would have informed him that his then girlfriend told an investigator hired by Beck that Garrett was unaware that firearms were in her vehicle, he would not have pled guilty. [Record No. 94 at 6] Garrett next argues that counsel was ineffective for failing to research cases Garrett believed supported his innocence concerning the firearm charge. *Id.* at 5.

As an initial matter, there are no extraordinary circumstances present that would overcome the presumption of veracity regarding Garrett's plea declarations in open court. Here, Garrett only raises conclusory allegations that he would not have pled guilty had his counsel further researched the relevant law and had he been aware of his girlfriend's statement concerning the firearm.

But Garrett is not entitled to a perfect defense, just a constitutionally sufficient one. And he has not shown that these two alleged failures rise to the level of a constitutional violation. Notwithstanding that shortcoming, Garrett also does not show prejudice. For that prong, Garrett needs to show that had Beck informed him of those two things, he would have gone to trial and ultimately would not have been convicted of the firearm offense.

But the facts to which he pled and reiterated in open court suggest otherwise. Following Garrett's arrest, his girlfriend told officers that she knew Garrett had guns in the residence. [Record No. 69-1 at 12] This statement was contrary to her later statement to the investigator that all the firearms seize belonged to her. *Id.* at 5. This incongruity along with Beck's inability to reach the girlfriend to discuss her willingness to testify and garner her purported ownership documents for the firearms caused Beck to conclude she would not be a good

witness.  *See id.*  Beck also discussed with Garrett the concept of constructive possession[3] and that it could be established with or without the girlfriend's testimony.  *Id.*  It was after this counselling that Garrett decided to plea.  *Id.*

Garrett's argument that Beck failed to adequately research "in furtherance" case law fairs no better.  Not only did Garrett confirm during his plea colloquy that he possessed the firearm for protection during drug trafficking, but the factors jurors would also be called upon to consider do not bode well for him.  Those factors include: "whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found."  *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001) (citations omitted).  The undersigned agrees with the Magistrate Judge's application of those factors to Garrett's case.

> [T]he facts Garrett admitted in his plea agreement and at his re-arraignment establish he possessed the loaded pistol in furtherance of the drug trafficking. The pistol was strategically located so that it was quickly and easily available for use.  It was underneath the driver's seat of the car he drove to the drug buy. It was loaded.  It was a semiautomatic pistol (not an antique weapon or a hunting rifle or anything like that).  The pistol was illegal for Garrett, a felon, to possess. It was found in the car that Garrett left running while he went inside to sell drugs to the informant.

[Record No. 93 at 15]

Additionally, Garrett was arrested on his way to a controlled buy with two pounds of methamphetamine and one ounce of fentanyl in his hoodie pocket, which calls into question whether he would have gone to trial simply because he believed his firearm charge was tenuous.  In short, he has not demonstrated that he would have gone to trial based on his

---

[3] Even more problematic for Garrett is that law enforcement observed him switching vehicles right before the control buy.  [Record No. 69-1 at 11–12]  This evidence would also allow a reasonable jury to infer that he did so because he knew that vehicle contained firearms.

girlfriend's statement that he was unaware of the firearms in her vehicle or other legal arguments that he believed applied.

### Conclusion

A Certificate of Appealability may issue only where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the movant demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Garrett has not made a "substantial showing" regarding a denial of his constitutional rights. Further, reasonable jurists would not find this Court's determination on the issues Garrett raises debatable.

Having fully considered the parties' arguments and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of the United States Magistrate Judge [Record No. 93] is **ADOPTED IN FULL** and **INCORPORATED** here by reference.

2. Defendant/Movant Anthony Garrett's motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 [Record No. 58] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3. A Certificate of Appealability will not issue.

Dated: October 17, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky